UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID OUDSEMA,

       Plaintiff,

v.                                        Case No. 1:14-cv-1116
                                               Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                               /

**OPINION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

       Plaintiff was born in 1954. PageID.317. He completed the 8th grade and had previous employment as a welder, a material handler at a leather factory, a factory worker, and a machine operator. PageID.43, 115, 324. Plaintiff alleged that he was disabled as of June 30, 2007. PageID.317. Plaintiff identified his disabling conditions as lung problems, swollen feet, and dizzy spells. PageID.323. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 17, 2013. PageID.37-44. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[1]

---

[1] Plaintiff's claims were addressed in a previous ALJ's decision dated February 14, 2011. In the 2013 decision, the ALJ observed that after plaintiff's claim was denied, he wanted to change the onset date to February 15, 2011. PageID.37. In his brief, plaintiff apparently seeks to amend the onset date to June 9,

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

---

2011. PageID.496. The record reflects that the ALJ evaluated plaintiff's claim using the onset date of June 30, 2007. The Court will review plaintiff's claim using that date. *See* discussion, *infra*.

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 30, 2007, and that he met the insured status requirements of the Act through March 31, 2012. PageID.40. At the second step, the ALJ found that plaintiff had severe impairments of chronic obstructive pulmonary disease (COPD), emphysema (status post lung surgery), and obesity. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.41.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant should avoid concentrated exposure to extreme cold and fumes, odors, gases, and poor ventilation.

*Id.* The ALJ also found that plaintiff is capable of performing his past relevant work as a machine operator, work which does not require the performance of work-related activities precluded by his residual functional capacity (RFC). PageID.43. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from June 30, 2007 (the alleged onset date) through May 17, 2013 (the date of the decision). PageID.43-44.

4

### III. ANALYSIS

Plaintiff did not set forth a statement of errors in the form directed by the Court. *See* Notice (docket no. 7). In his brief, plaintiff asserts that the ALJ's decision is not based on substantial evidence for two reasons. PageID.492. First, plaintiff stated that "[t]he Administrative Law Judge in the 2013 Decision made clear errors of law by ignoring the medical records, history and findings by the Physician Assistant, Mr. William Ulrich (PA-C), especially, with respect to the claimant's orthopedic disability." PageID.493. Second, plaintiff stated that the ALJ erred in "finding that the claimant has performed one light machine job." PageID.494. The Court will address these claims.

### A. Opinion of William Ulrich, PA-C

The ALJ addressed Mr. Ulrich's opinion which is set forth in a sworn statement made on March 29, 2013 (referred to as Exhibit B6F, PageID.473-482):

> As for the opinion evidence, the undersigned accords no weight to the medical source statement in Exhibit B6F, which was completed by Mr. William Ulrich, a physician's assistant, for the following reasons. First, Mr. Ulrich is not an "acceptable medical source," per Social Security Regulation 20 C.F.R 404.1513. Secondly, Mr. Ulrich refers to 2010 test pulmonary function test results, which were considered in the prior ALJ decision. In addition, Mr. Ulrich's opinion that the claimant would be unable to withstand the requirements of an 8-hour workday due to pulmonary and orthopedic problems, even if he had a sit/stand option, is an issue that is solely within the purview of the Commissioner of Social Security to decide per Social Security Ruling 96-5p. Moreover, Mr. Ulrich's opinion in this regard is inconsistent with the record, which shows that the claimant's pulmonary condition is stable on medications and that he exhibits a normal gait and station as well as a full range of motion notwithstanding his back complaints.

PageID.42-43.

Plaintiff's brief does not address this opinion. Rather, plaintiff lists excerpts from medical notes prepared by Mr. Ulrich in September 2011 and August 2011, and the results of an x-ray from April 25, 2012 and an MRI from September 20, 2012. PageID.493. In June 2011 plaintiff

reported "[b]ack pain, muscle pain and muscle spasm (left middle and lower back with prolonged standing or bending" and in August 2011 plaintiff reported prolonged standing or walking more than a city block will trigger back stiffness and spasm that requires him to sit and stop. PageID.412, 415-417. These self-reports of symptoms by plaintiff are not opinions expressed by Mr. Ulrich. The x-ray report (indicating multilevel spondylosis, PageID.470) and the MRI (indicating "[d]egenerative spondylosis at L5-S1 with moderate left neural foraminal narrowing," PageID.494), are medical tests results, not opinions expressed by Mr. Ulrich. As the ALJ observed, Dr. Ulrich's opinions are set forth in a separate sworn statement. Accordingly, plaintiff's claim of error is denied.

        **B.**     **ALJ's finding regarding plaintiff's past relevant work**

Plaintiff contests the ALJ's finding that his past relevant work as a machine operator was at the light exertional level. Specifically, plaintiff contends that he has only an eighth-grade education and that he did not understand the vocational expert's (VE's) questions regarding the scope of his past relevant work because the questions "were not made clear." PageID.494. At this point, the Court needs to reconstruct the procedural history of administrative proceedings which neither party has fully explained.

The present appeal is based on an administrative hearing held on April 16, 2013 and the vocational evidence presented at that hearing by VE Aimee Mowery. PageID.113-115. At the hearing, the ALJ recognized that VE Mowery did not address plaintiff's past relevant work as a machine operator. *See* PageID.115-116 ("Counsel, I'm a little confused. I noticed in the past position [sic] the ALJ found your client could do this job as a machine operator at a Light RFC. I don't see that described in the current file."). The ALJ did not remedy the evidentiary omission at

6

the hearing, indicating that he would address it in the future. *See* PageID.117-118 ("So it's a little bit confusing to me at this point as to what happened in the past decision and whether or not that past decision was correct or is binding; not that I'm going to reopen the past decision, but just going to try to find a basis for it. . . . And I'm just saying the past decision found that he could do the light job that he'd done in the past and I'm not sure if there's anything that changes that, if I should adopt that, or I can find that he could do the past work as light.").

In the written decision, the ALJ explained the procedural posture as follows:

> According to a prior Administrative Law Judge ("ALJ") decision, dated, February 14, 2011 (Exhibit B1A), the claimant was found to be able to do his past relevant work as a machine operator (characterized as light and unskilled per the Dictionary of Occupational Titles). That decision was subsequently upheld by the Appeals Council (Exhibit B2A). On October 12, 2011, the claimant filed a subsequent Title II application for a period of disability and disability insurance benefits. The claimant also filed a Title XVI application for supplemental security income on October 12, 2011. In both applications, the claimant alleged disability beginning June 30, 2007. These claims were denied initially on January 26, 2012. In a recent post-hearing brief, documented at Exhibit Bl8E, the claimant's representative argued for a reopening of the prior ALJ decision in this matter and requested withdrawal of the amended onset date he alleged in Exhibit 13D arguing, instead, for an onset date of February 15, 2011. . .
>
> The claimant's representative argued that the prior ALJ decision was based on a faulty finding that the claimant maintained the residual functional capacity to perform his past relevant work as a machine operator and should, therefore, be reopened. In considering the representative's allegations in this regard, the undersigned reviewed the transcript of the prior ALJ hearing (added as Exhibit B11B) and notes that on pages 35, 58, and 59, the vocational expert testified that the claimant's past relevant work as a machine operator was light and unskilled. This testimony was subsequently discussed in the findings in the prior ALJ decision. The undersigned further notes that the claimant's representative, attorney, Kenneth S. Hoopes, represented the claimant at the prior ALJ hearing and before the Appeals Council and, thus, had the opportunity to raise this argument at that time.
>
> The Dennard decision (Social Security Acquiescence Ruling 98-3(6)) requires the undersigned to adopt the findings of the demands of a claimant's past relevant work from the final decision of an ALJ on a prior disability claim when adjudicating

>a subsequent disability claim with an unadjudicated period arising under the same title of the Act. Furthermore, the Drummond decision (Social Security Acquiescence Ruling 98-4(6)) states that the undersigned must adopt a finding of a claimant's residual functional capacity as made in the final decision by an ALJ or the Appeals Council in a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim. The undersigned requested a post-hearing brief from Mr. Hoopes discussing these two cases and their applicability to the matter at hand; however, Mr. Hoopes' submitted document at Exhibit B18E does not specifically address these issues.

PageID.37-38.

Although the ALJ raised the issue of administrative *res judicata* with respect to the 2011 decision, he neither explicitly found that *res judicata* applied nor explicitly re-opened the earlier decision. Rather, to remedy the problem which arose when VE Mowery failed to address the machine operator position at the administrative hearing, the ALJ effectively re-opened the 2011 decision (by performing a *de novo* review of plaintiff's claim from the original disability onset date of June 30, 2007), and then adopted the ALJ's previous decision as binding to the extent that it found plaintiff able to perform his past relevant work as a machine operator:

>The undersigned is aware that the vocational expert at the claimant's most recent hearing, Ms. Aimee Mowery, was not aware of the machine operator job since the claimant did not list it in his work history in association with his current application. However, the undersigned notes that this position was clearly discussed and included in the prior ALJ decision, as documented at Exhibit Bl A, p.11. According to the findings from the previous ALJ decision, the vocational expert explained that the claimant's past work as a machine operator was light, unskilled as the claimant performed the work and light to heavy, unskilled as the work is usually performed (*according to the Dictionary of Occupational Titles*). The prior ALJ decision also reflects that the claimant's past work as an unskilled, light machine operator was performed within the last 15 years, resulted in substantial gainful activity level earnings, and lasted long enough for the claimant to learn to do the job and, is, therefore, past relevant work.

PageID.43.

Now, plaintiff claims that VE Lozer's testimony back in 2011 was insufficient to support the finding that plaintiff's past relevant work as a machine operator was performed at the light exertional level. In support of this claim, plaintiff cites excerpts from VE James Lozer's 2011 testimony. PageID.221-228.[2] Because plaintiff claims that the VE misunderstood his testimony and with respect to his past relevant work as a machine operator at the light exertional level, the Court will review plaintiff's and the VE's testimony on this issue.

Plaintiff testified that he worked for Track Corporation as a welder from 2004 until 2007. PageID.222-223. He operated a machine and welded manually. PageID.223. He sometimes had to lift things over 20 pounds operating the machine. *Id.* The items lifted weighed 15, 20 or 25 pounds depending on the type of material. PageID.224. At the end of the shift, he would throw the pieces that did not get fully welded into a basket, which "sometimes might weigh 75 or 80 pounds." *Id.* Plaintiff would take the basket to a table and hand wire feed the parts that did not get welded completely. *Id.* Prior to this job, plaintiff worked for Shay Corporation doing "welding, robotic" which "was a lot heavier." PageID.225. He operated robotic welders. *Id.* This work involved lifting items which weighed "probably 40 pounds." *Id.* Prior to that job, plaintiff worked on a press machine that involved fiberglass items which weighed at least 100 pounds. PageID.226-227. VE Lozier testified that, according to the *Dictionary of Occupational Titles*, the majority of machine operator jobs involve light, unskilled work and that plaintiff "did perform one of the jobs in that category." PageID.229.

---

[2] The Court notes that plaintiff's brief refers to the administrative transcript pages rather than the PageID numbers. *See* PageID.494.

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. The Act requires that a claimant show that his impairments are so severe that he is "unable to do his previous work." *Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987), quoting 42 U.S.C. § 423(d)(2)(A). To proceed past step four, plaintiff must demonstrate more than "merely an inability to return to his old job," he "must prove an inability to return to his former *type* of work and not just to his former job." *Studaway*, 815 F.2d at 1076 (internal quotation marks omitted) (emphasis in original). *See Clendening v. Commissioner of Social Security*, 482 Fed. Appx. 93, 96 (6th Cir. 2012) ("[t]he relevant inquiry is whether he could still perform that type of work and not necessarily the specific job that he had in the past").

Here, the testimony does not support VE Lozer's conclusion that one of plaintiff's past machine operator jobs was performed at the light exertional level. *See* 20 C.F.R. §§ 404.1567(b) and 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). As discussed, plaintiff testified that his least exertional machine operator job involved lifting 15 to 25 pounds on a regular basis with some lifting up to 80 pounds. This lifting exceeded the requirements of light work. Nevertheless, VE Lozier also testified that according to the *Dictionary of Occupational Titles*, the majority of machine operator jobs involve light, unskilled work. This testimony is sufficient to establish that plaintiff could return to his former type of work. *See Studaway*, 815 F.2d at 1076; *Clendening*, 482

Fed. Appx. at 96. Substantial evidence supports the ALJ's determination that plaintiff could return to his past relevant work as a machine operator. Accordingly, plaintiff's claim of error is denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: <u>March 16, 2016</u>              <u>/s/ Ray Kent             </u>
                                          Ray Kent
                                          United States Magistrate Judge